PILLSBURY WINTHROP SHAW PITTMAN LLP
Maria T. Galeno, Esq. (MG-6189)
John E. Davis, Esq. (JD-1445)
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Telefax: (212) 858-1500
*Attorneys for Defendants Cambridge Display
Technology, Inc., CDT Oxford Limited, Cambridge
Display Technology Limited and Opsys Limited*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUNNYSIDE DEVELOPMENT COMPANY, LLC

　　　　　　　　　Plaintiff,

-against-

OPSYS MANAGEMENT LIMITED, OPSYS LIMITED, CDT OXFORD LIMITED, CAMBRIDGE DISPLAY TECHNOLOGY, INC., CAMBRIDGE DISPLAY TECHNOLOGY LIMITED, BANK OF NEW YORK (as escrow agent), and SUMITOMO CHEMICAL CO., LTD.

　　　　　　　　　Defendants.

---

Case No. 07CV9320

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants Cambridge Display Technology, Inc. ("CDT Inc."), CDT Oxford Limited, Cambridge Display Technology Limited and Opsys Limited ("Opsys") (collectively, the "Removal Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully submit this Notice of Removal of this action from the Supreme Court of the State of New York, County of New York (Civil Index No. 112617-07), in which this action is pending, to the United States District Court for the

Southern District of New York, being the district embracing the place where the action is pending. In support of this Notice of Removal, the Removal Defendants state as follows:

## BACKGROUND OF THE LITIGATION

### The Related California Federal Action

1. This action relates to an action pending in the United States District Court for the Northern District of California entitled *Sunnyside Development Company, LLC v. Opsys Limited, a United Kingdom Company, and CDT Limited, a UK Company,* No. C-05-0553-MHP (N.D. Cal.), filed February 7, 2005 (the "California Federal Action").

2. Plaintiff, Sunnyside Development Company, LLC ("Sunnyside"), brought the California Federal Action against Opsys for breach of a lease agreement. Opsys is an indirect (third-tier) subsidiary of CDT Inc.

3. On March 12, 2007, Sunnyside obtained a jury verdict against Opsys on that claim. On May 29, 2007, the California federal court entered a judgment against Opsys in the amount of $4,853,017 plus fees and costs (the "California Federal Judgment"). On June 28, 2007, Opsys appealed the California Federal Judgment to the United States Court of Appeals for the Ninth Circuit, where it is docketed as No. 07-16219.

4. On April 2, 2007, Sunnyside moved under Fed. R. Civ. P. 25(c) and 69 to add CDT Inc. as a party to the proceeding and the California Federal Judgment. On August 29, 2007, the Court denied Sunnyside's motion, ruling, *inter alia,* that CDT Inc. was not responsible for Opsys' liabilities under the lease because all of the transactions at issue (including the transactions by which CDT Inc. acquired the equity of Opsys) involved adequate consideration and thus none violated California's Uniform Fraudulent Transfer Act. *Sunnyside Dev. Co., LLC v. Opsys Limited,* No. C-05-553-MHP, 2007 WL 2462142, *11 (N.D. Cal. Aug. 29, 2007).

Accordingly, the court held that "the fraudulent transfer exception did not apply" for purposes of successor liability. *Id.* On September 26, 2007, Sunnyside appealed that ruling to the United States Court of Appeals for the Ninth Circuit, where it is docketed as No. 07-16773.

### The Related New York Action: The Turnover Proceeding

5. On or about October 5, 2007, Sunnyside filed in the Supreme Court of the State of New York, County of New York, a Turnover Petition, together with supporting Memorandum of Law, the Affirmation of Christoph C. Heisenberg, and Notice of Filing of Foreign Judgment, entitled: *"Sunnyside Development Company, LLC, v. Bank of New York (as escrow agent), Cambridge Display Technology, Inc., and Opsys Management Limited,"* Case No. 113409-07 (the "Turnover Proceeding"), upon which the Court entered an Order to Show Cause.

6. Upon information and belief, a Restraining Notice to Garnishee dated October 4, 2007 was delivered to The Bank of New York, as escrow agent ("BNY") on or about October 4, 2007.

7. Sunnyside brought the Turnover Proceeding in aid of its attempt to collect on the California Federal Judgment.

8. By the Turnover Proceeding, Sunnyside seeks to compel respondent BNY, as escrow agent, to deliver to Sunnyside shares of common stock of CDT Inc. that CDT Inc. had placed in an escrow account with BNY (the "Escrow Shares") in December 2004.

9. The escrow was created, and the Escrow Shares were placed into the escrow account, pursuant to an escrow agreement between BNY (as escrow agent), CDT Inc. and respondent Opsys Management Limited ("OML") entered into in December 2004 (the "Escrow Agreement") as part of a transaction by which CDT Inc. acquired the equity of Opsys.

3

10. Sunnyside asserts (incorrectly) that Opsys has a proprietary interest in the Escrow Shares.

11. Opsys does not have any interest in the Escrow Shares.

12. Neither Opsys nor Sunnyside is a party to the Escrow Agreement.

13. The Escrow Agreement provides no rights to Opsys or Sunnyside to direct disbursement or make claim on the Escrow Shares.

14. Sunnyside is not identified in the Escrow Agreement.

15. On October 12, 2007, respondent CDT Inc. removed the Turnover Proceeding to the United States District Court for the Southern District of New York (*Sunnyside Development Company, LLC, v. Bank of New York (as escrow agent), et al.*, No. 07 CV 8825 (S.D.N.Y.) (LLS)), which proceeding was assigned to the Honorable Louis L. Stanton.

### The New York Summons with Notice Action

16. On or about September 18, 2007, Sunnyside filed a Summons with Notice in the Supreme Court of the State of New York, County of New York, entitled: "*Sunnyside Development Company, LLC, v. Opsys Management Limited, et al.*", Case No. 112617-07 (the "Summons with Notice Action"). A true and complete copy of Sunnyside's Summons with Notice with annexed Notice of Claim in the above-referenced lawsuit is attached hereto pursuant to 28 U.S.C. § 1446(a) as **Exhibit A** and made a part hereof.

17. Sunnyside through the Summons with Notice Action seeks the transfer of the Escrow Shares to satisfy the California Federal Judgment. Ex. A, ¶¶1-2 and Relief Requested ¶1.

18. As discussed in paragraphs 10 through 14, above, neither Opsys nor Sunnyside has an interest in the Escrow Shares.

19. Sunnyside through the Summons with Notice Action, and in an attempt to satisfy the California Federal Judgment, also seeks, *inter alia*, to set aside alleged fraudulent conveyances from Opsys to defendants, to establish a constructive trust as to all revenues or other consideration received from Opsys's "IP assets" purportedly fraudulently transferred from Opsys to CDT Inc., and to obtain a judgment against defendants for the value of the assets allegedly fraudulently transferred. *Id.* ¶¶ 3-4 and Relief Requested ¶¶ 2-4.

20. As discussed in paragraph 4, above, the court in the California Federal Action ruled, *inter alia,* that CDT Inc. was not responsible for Opsys' liabilities under the lease because all of the transactions at issue (including the transactions by which CDT Inc. acquired the equity of Opsys) involved adequate consideration and thus none violated California's Uniform Fraudulent Transfer Act. *Sunnyside Dev. Co., LLC v. Opsys Limited,* No. C-05-553-MHP, 2007 WL 2462142, *11 (N.D. Cal. Aug. 29, 2007). Accordingly, the court held that "the fraudulent transfer exception did not apply" for purposes of successor liability. *Id.*

## TIMELINESS OF REMOVAL

21. On September 19, 2007, the Summons with Notice was served on the Removal Defendants. No other process, pleadings, or orders have been served on the Removal Defendants in the Summons with Notice Action.

22. Upon information and belief, defendants OML, BNY and Sumitomo Chemical Co., Ltd. ("Sumitomo") have not been served in this action.

23. As set forth in paragraphs 21 through 22 above, thirty (30) days have not elapsed since the service of the Summons with Notice.

24. Therefore, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(a)-(b).

500178997

25. A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, and served on all named parties, as required by 28 U.S.C. § 1446(d).

26. The Removal Defendants reserve the right to supplement this Notice of Removal with information and additional bases for removal that may come to light upon further investigation. The Removal Defendants further reserve the right to supplement this Notice of Removal by adding any jurisdictional defenses or grounds that may independently support a basis for removal.

27. In removing this action, the Removal Defendants do not waive any rights or defenses, and instead expressly preserve their rights to assert the same.

## BASIS OF REMOVAL: DIVERSITY JURISDICTION

28. This Court has original jurisdiction over this civil action because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, under 28 U.S.C. § 1332(a).

### Complete Diversity of Citizenship

29. There is complete diversity of citizenship between the plaintiff Sunnyside and the defendants in this action because:

  a. Upon information and belief, Sunnyside is a citizen of the State of California as a Limited Liability Company duly formed and registered under the laws of California with its principal place of business in Saratoga, California.

  b. None of the defendants is a citizen of the State of California.

500178997

c. Defendant CDT Inc. is a corporation established under the laws of Delaware with its principal place of business in Cambridgeshire, England.

d. Defendant CDT Oxford Limited is a corporation established under the laws of the United Kingdom with its principal place of business in Cambridge, England.

e. Defendant Cambridge Display Technology Limited is a corporation established under the laws of the United Kingdom with its principal place of business in Cambridgeshire, England.

f. Defendant Opsys is a corporation established under the laws of the United Kingdom with its principal place of business in Cambridge, England.

g. Upon information and belief, defendant OML is a private corporation incorporated under the laws of the United Kingdom with its principal place of business in London, England.

h. Upon information and belief, defendant Sumitomo is a corporation established under the laws of Japan with its principal place of business in Tokyo, Japan.

i. Defendant BNY is a citizen of the State of New York with its principal place of business in New York, New York.

**The Citizenship of Unserved and Nominal Defendants Is Not Considered**

30. Upon information and belief, as referenced in paragraph 22, above, defendants OML, BNY and Sumitomo have not been served in this action. The citizenship of parties that have not been served is not considered for purposes of removal based on diversity jurisdiction,

and their consent to removal is not required. 28 U.S.C. § 1441(b); *Davis v. Averitt Express, Inc.*, 2006 WL 3883322, *3 (N.D. Ill. Dec. 28, 2006).

31.     Further, BNY is named in its capacity as "escrow agent." *See* Exhibit A (Summons with Notice, ¶2). As such, BNY is a nominal party to this action. Thus, its citizenship is not relevant to the removal determination.

32.     Sunnyside does not allege that BNY has any interest in the assets at issue, including in particular the Escrow Shares that are held by BNY pursuant to the Escrow Agreement. *See* Ex. A, Summons with Notice.

33.     By contrast, Sunnyside alleges that defendant Opsys has an interest in the assets at issue (including the Escrow Shares) (*id.* ¶2) and that Opsys fraudulently transferred assets to "(a) its shareholders and (b) CDT [Inc.]" (*id.* ¶3).

34.     As such, BNY is a nominal party, with no direct interest in the outcome of this action or the asserted "assets," and its citizenship must be ignored when considering diversity jurisdiction under 28 U.S.C. § 1441(b). *See Am. Mfrs. Mutual Ins. Co. v. Manor Inv. Co.*, 286 F. Supp. 1007, 1010 (S.D.N.Y. 1968) ("In considering the requirements of 28 U.S.C. § 1441(b) with respect to non-citizenship of the defendants, nominal or formal parties who do not have a direct interest in the outcome must be ignored."), citing *Salem Trust Co. v. Mfrs. Finance Co.*, 264 U.S. 182, 190 (1924) (requiring the disregard for jurisdictional purposes of the citizenship of a party whose "only obligation is to pay over the amount deposited with it when it is ascertained which of the other parties is entitled to it."); *see also Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 477 F. Supp. 615, 621-22 (S.D.N.Y. 1979) ("Mere stakeholders or escrow agents which are not subject to liability in the lawsuit, are not real parties to the action, and their presence does not provide a basis for jurisdiction.").

## Amount in Controversy

35. In the Notice of Claim annexed to the Summons with Notice, Sunnyside seeks monetary relief against Removal Defendants, "in an amount in excess of the jurisdictional limits of all lower courts," purporting to seek to collect on the California Federal Judgment against Opsys for "more than $4.9 million" plus "legal costs of approximately $900,000"; to set aside alleged fraudulent conveyances; to attach revenues and other alleged assets in a constructive trust; to enter a judgment against defendants for the value of assets allegedly transferred from Opsys; and for attorney's fees and expenses. *See* Exhibit A, p.4-5, ¶¶ 1-4 and Requests for Relief 1-5. Sunnyside seeks a sum for judgment in case of default of $6 million. Exhibit A at p.2.

36. Thus, the amount in controversy exceeds $75,000 exclusive of interest, costs and attorney's fees. *See* 28 U.S.C. §1332.

37. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).

38. The Removal Defendants therefore can remove this action pursuant to 28 U.S.C. § 1441(a)-(b).

## CONCLUSION

39. This removal is timely, and all conditions and procedures for removal have been satisfied, including those required by 28 U.S.C. § 1446 and the Local Rules of the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 1446(a)-(b); Local Rule 81.1.

40. All state court papers served on the Removal Defendants at the time of removal are attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

41. Based upon the above stated facts and legal principles, and in accordance with 28 U.S.C. § 1441(a)-(b), this entire action is properly removable to the United States District Court for the Southern District of New York.

WHEREFORE, the Removal Defendants respectfully request that this case be removed from the Supreme Court of the State of New York, County of New York, to this Court, and that this Court assume jurisdiction of this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial.

New York, New York
Dated: October 17, 2007

        Respectfully submitted,

        PILLSBURY WINTHROP SHAW PITTMAN LLP

By: *[signature]*
Maria T. Galeno, Esq. (MG-6189)
John E. Davis, Esq. (JD-1445)
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

*Attorneys for Defendants
Cambridge Display Technology, Inc., CDT Oxford Limited, Cambridge Display Technology Limited, and Opsys Limited*

500178997

Case 1:07-cv-09320-LLS   Document 1   Filed 10/17/2007   Page 11 of 12

OF COUNSEL:
Bruce A. Ericson, Esq.
Alice K. M. Hayashi, Esq.
Pillsbury Winthrop Shaw Pittman LLP
50 Fremont Street
San Francisco, CA 94105-2228
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

# EXHIBIT A

500178997