NEW YORK
COUNTY CLERK'S OFFICE

SEP 18 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF NEW YORK
COUNTY OF NEW YORK

SUNNYSIDE DEVELOPMENT COMPANY, LLC,

    Plaintiff,

-v-

OPSYS MANAGEMENT LIMITED; OPSYS LIMITED, CDT OXFORD LIMITED; CAMBRIDGE DISPLAY TECHNOLOGY, INC.; CAMBRIDGE DISPLAY TECHNOLOGY LIMITED; BANK OF NEW YORK, (as escrow agent); and SUMITOMO CHEMICAL CO., LTD.,

    Defendants.

**SUMMONS WITH NOTICE**

Index No. 112617/07

Date Index No. Purchased:
September 18, 2007

To the above named Defendant(s):

Cambridge Display Technology, Inc.; Building 2020, Cambourne Business Park, Cambridgeshire CB3 6DW, United Kingdom

Cambridge Display Technology Limited; 2020 Cambourne Business Park, Cambridgeshire CB3 6DW, United Kingdom

Opsys Limited, Unit 8 Begbroke Business & Science Park, Sandy Lane, Yarton, Kidlington, Oxfordshire, OX5 1PF, England

CDT Oxford Limited, 2 Temple Beck, East Temple Quay, Bristol, BS1 6EG, England

Opsys Management Limited, 25 Queen Anne's Gate, London, England, SW1H 9BU

Bank of New York, 10 Barclay Street, New York, New York 10286

Sumitomo Chemical Co., Ltd., 27-1, Shinkawa 2-chome, Chuo-ku, Tokyo 104-8260, Japan

**You are hereby summoned** to serve a notice of appearance and demand for complaint, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for $6,000,000.00 plus interest and court costs.

The nature of action and relief sought: (1) claim on escrow assets, (2) breach of contract, and (3) fraudulent conveyances. See Notice of Claim attached hereto.

Sum for Judgment may be taken case of Default: $6,000,000.00

The basis of venue designated is: CPLR sec. 501 (contractual provision fixing venue); CPLR sec. 503(a) (county designated by plaintiff and residence of defendant Bank of New York), and CPLR sec. 508 (recovery of chattel)

Dated: New York, New York
       September 18, 2007

                                              TRAIGER & HINCKLEY LLP

                                    By: _____
                                            George R. Hinckley Jr.

                                            880 Third Avenue 9th Floor
                                            New York, New York 10022-4730
                                            Tel. (212) 759-4933
                                            Fax (212) 656-1531
                                            Attorneys for Plaintiff

## Notice of Claim Pursuant to CPLR 308(b)

1. This is an action to recover from the named defendants assets sufficient to satisfy a judgment plaintiff Sunnyside Development Company LLC ("Sunnyside") holds for more than $4.9 million, entered against Opsys Limited by the United Stated District Court for the Northern District of California on March 29, 2007, in an action entitled *Sunnyside Development Company LLC v. Opsys Limited* (the "Judgment"). Sunnyside also has obtained an order from that same Court awarding it the right to obtain legal costs of approximately $900,000. The action seeks to obtain the assets (shares of CDT stock) that are or were held in New York escrow for the purpose of satisfying claims against Opsys Limited.

2. Plaintiff is the intended beneficiary of the 2004 escrow agreement between CDT, Opsys Limited, and the Opsys shareholders, which contains provisions allowing creditors including Plaintiff to look to the escrowed CDT Shares in order to satisfy claims against Opsys Limited. A portion of those shares remain in escrow by the escrow agent, Bank of New York, and the remaining CDT shares are expected to be tendered by Opsys Limited's shareholders in the event that the CDT shareholders approve to the merger agreement with Sumitomo. Those funds in the possession of Opsys Limited's shareholders are more than sufficient to satisfy the Judgment.

3. In addition, if necessary because of an inadequate amount of the CDT escrow shares, this action asserts fraudulent transfer and fraudulent conveyance claims against the transferees of Opsys Limited assets, tracing the assets transferred by Opsys Limited after it incurred the liability to Sunnyside in 2001. It seeks to unwind a series of transfers made in violation of the applicable fraudulent conveyance laws by Opsys Limited to (a)

its shareholders and (b) CDT, the effect of which hindered delayed plaintiff Sunnyside from obtaining satisfaction of its claim. Through those series of transactions between CDT, Opsys, and Opsys Shareholders, CDT transferred millions to Opsys Limited, which was transferred to Opsys Shareholders. The result is that Opsys Limited now claims to have no assets, even though Opsys Limited possessed, at the time of its liability to plaintiff, valuable assets worth tens of millions, including a large stable of valuable intellectual property, employee relationships and research and developments in company.

4. Finally, to the further extent necessary, Plaintiff seeks the return of more than $15 million in IP assets that were fraudulently transferred from Opsys Limited to CDT, Inc., a portion of which then ultimately was paid to Opsys's shareholders.

## Relief Requested

WHEREFORE, Plaintiff prays that the Court enter an order awarding Plaintiff the following relief:

1. Declaring Plaintiff's rights to the CDT shares held in escrow, and entering a Judgment requiring the escrow agent to transfer sufficient assets to satisfy Plaintiff's claim;

2. Setting aside the fraudulent conveyances to defendants to the extent necessary to satisfy the Plaintiff's claims;

3. Attaching in a constructive trust all revenues or other consideration received by from the license or commercialization of the Opsys Limited IP, and granting Plaintiff a right to levy against those assets;

4. To the extent assets are not available to set aside, entering a judgment against defendants for the value of the assets transferred;

5. Attorneys fees, costs and expenses as provided by applicable law, including New York Debtor and Creditor Law §276-a;

6. For such and other relief as the Court deems appropriate.

7. Plaintiff demands a jury trial on all issues.